# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LATOCHIA HAWKINS, | ) |
| Plaintiff, | ) Case No. 2:12-cv-01066-GMN-GWF |
| vs. | ) **ORDER AND REPORT** |
| | ) **AND RECOMMENDATION** |
| MONICA COSTA, et al., | ) Application to Proceed in Forma |
| | ) Pauperis (#1) and Screening of |
| Defendants. | ) Complaint |

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on June 22, 2012.

## BACKGROUND

Plaintiff alleges a violation of her civil rights by her landlords. Plaintiff alleges claims for a violation of her rights under the Equal Protection clause, a violation of the Fair Housing Act and retaliation. Plaintiff further alleges claims for fraud, negligence, coercion, and breach of contract. Plaintiff claims that she requested several times for Defendants to repair certain broken amenities in her apartment, but Defendants have failed to fix them. Plaintiff argues that her Caucasian neighbors have their repairs fixed almost immediately upon request to the Defendants. Plaintiff also asserts that Defendants have failed to make certain electricity payments, resulting in an unsafe environment outside of the apartment. Plaintiff is seeking general, incidental, punitive and exemplary damages.

## DISCUSSION

**I.    Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and

complaint as required by 28 U.S.C. § 1915(a).  Reviewing Hawkins's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.  As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

## II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     Federal Claims

Plaintiff alleges claims for racial discrimination, a violation of the Fair Housing Act and retaliation under federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### A.     Fourteenth Amendment Equal Protection Clause

Plaintiff alleges that the Defendant violated her Fourteenth Amendment Right to equal protection under the law.  "The Equal Protection clause does not protect against individual invasion of individual rights."  *Gilmore v. City of Montgomery, Ala.*, 417 U.S. 556, 565 (1974). "Only when the government is responsible for a plaintiff's complaints are individual constitutional rights

implicated." *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 747 (9th Cir. 2003). The government must control the entity for an individual to be entitled to protection of individual rights under the equal protection clause. *Id.* at 748. Here, Defendants appear to be private individuals or privately owned companies. Plaintiff failed to allege that the government was responsible for Defendants' conduct. Thus, Plaintiff's racial discrimination claim is dismissed without leave to amend as it does not appear that the deficiencies can be cured by amendment. *See Cato*, 70 F.3d at 1106.

### B.     Discrimination Claim under the Fair Housing Act

Plaintiff is also asserting a claim under Title VII of the Fair Housing Act. Plaintiff argues that Defendants violated Title VII when they refused to give her the same treatment as other residents because of her race. To have a claim under the Fair Housing Act, Plaintiff must assert that Defendants' discriminatory conduct caused the Plaintiff to suffer a distinct and palpable injury. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982). In *Harris*, the Ninth Circuit held that "any person harmed by discrimination, can sue to recover for his or her own injuries." *Harris v. Itzhaki*, 183 F.3d 1043, 1050 (9th Cir. 1999). Further, the Court found there does not need to be an actual denial of housing to establish a claim under Title VII. *Id.*

Here, Plaintiff argues that the racial discrimination by Defendants has amounted to actual and punitive damages. She asserts that the Defendants failed to repair certain broken items in her apartment when asked, but have fixed her Caucasian neighbors' broken amenities in a timely manner. She claims that their failure to treat her in the same fashion as her Caucasian neighbors has forced her to incur hotel room costs and required her and her children to live in an unsafe and inconvenient environment. Because Plaintiff claims to have suffered a distinct injury due to the racial discrimination of her landlord, she has sufficiently stated a claim upon which relief may be granted.

### C.     Retaliation

Plaintiff is alleging a claim against Defendants for retaliation. The statute cited by Plaintiff is a federal criminal statute and cannot be applied to this case. Further, the test provided by Plaintiff appears to be the standard applied in employment discrimination, which is also not

applicable to the alleged facts.  Because the Court is unable to determine what Plaintiff is attempting to allege, Plaintiff's claim for retaliation is dismissed with leave to amend.

**III.    Nevada State Claims**

Plaintiff is asserting a common law claim for negligence, breach of contract, fraud and coercion pursuant to supplemental jurisdiction. "Under the supplemental jurisdiction statute, federal courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. 1367(a); *see Mostin v. GL Recovery, LLC*, 210 WL 668808, *2 (C.D. Cal. 2010). "Jurisdiction over a state law claim where it and the federal claim derive from a common nucleus of operative fact, so the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  The Court finds that Plaintiff's claims for breach of contract and fraud appear to share the same nucleus of common facts as Plaintiff's Fair Housing Act claim.  The Court therefore can exercise its supplemental jurisdiction over those claims.

**A.    Breach of Contract**

Here, Plaintiff asserts a claim for breach of contract.  To have a claim for breach of contract in Nevada, Plaintiff must establish: 1) the existence of a contract; 2) that the Defendant breached the contract; and 3) the Plaintiff suffered damage as a result. *Saini v. International Game Technology*, 434 F.Supp.2d 913, 919 (Nev. 2006); *see also Rapaport v. Soffer*, 2012 WL 2522069, *4 (D.Nev. 2012).   Plaintiff claims that Defendants have breached a contract by not fixing the repairs that they had promised to fix.  Plaintiff did not allege any facts relating to the contract or the terms thereof.  Plaintiff has failed to state sufficient facts to establish that the Defendants breached a specific provision of the contract.  Therefore, Plaintiff's claim for breach of contract is dismissed with leave to amend.

**B.    Fraud**

Plaintiff claims that Defendants committed fraud against her.  The Nevada Supreme Court has recognized the elements of fraud to be: 1) a false representation made by the defendant; 2)

4

knowledge or belief on the part of the defendant that the representation is false or had an insufficient basis to make the assertion; 3) intention on the part of the Defendant to induce the Plaintiff to rely; 4) justifiable reliance upon the representation; and 5) damage to the plaintiff. *Lubbe v. Barba*, 540 P.2d 115, 117 (Nev. 1975); *see also Pro-Brokers, Inc. v. Muhlenberg*, 238 P.3d 847 (Nev. 2008). Plaintiff claims that the Defendants lied to her on several occasions regarding the installation of a water heater. Despite Plaintiff's assertion that the water heater was not installed at the particular time promised, Plaintiff has failed to provide that the Defendants had fraudulent intent or that they intended to induce her to rely on the representations in some manner. Therefore, Plaintiff's claim for fraud is dismissed with leave to amend based on her failure to pay rent.

### C. Coercion

Plaintiff claims that Defendants unlawfully coerced her by issuing her demand letters. Plaintiff cites to the criminal coercion statute under Nevada law, which "provides that it [is] unlawful for any person to attempt to intimidate another by threats of force ... or inflict injury upon another with the intent to compel the other person to do or abstain from doing an act that the person has the right to do or abstain from doing." *Santana v. State*, 122 Nev. 1458, 1461 (2006). Plaintiff alleges that Defendants are trying to force her to pay her rent and late fees and are threatening to evict her based on her failure to pay. Plaintiff requests the Court initiate criminal proceedings against Defendants. Because it is not the Court's role to initiate criminal proceedings against individuals, Plaintiff's coercion claim is dismissed with prejudice.

### D. Negligence

Plaintiff argues that Defendants were negligent in their handling of the rental property. To have a claim in Nevada for common law negligence, Plaintiff must establish: "(1) that the defendant had a duty to exercise due care with respect to the plaintiff; (2) that the defendant breached this duty; (3) that the breach was both the actual and proximate cause of the plaintiff's injury; and (4) that the plaintiff was damaged." *Joynt v. California Hotel and Casino*, 835 P.2d 799, 801 (Nev. 1992); *see also Perez v. Las Vegas Medical Center*, 805 P.2d 589, 590-91 (Nev. 1991). Plaintiff claims that the Defendant breached a duty to her as a resident when their failure to

pay a light bill resulted in an improperly lit stairwell, causing the Plaintiff to fall and injure her ankle. She further alleges that her son also fell due to the improperly lit stairwell.

While Plaintiff has properly stated a claim for negligence, the federal claim for discrimination under the Fair Housing Act and her claim for negligence do not appear to have a common nucleus of facts. Therefore, because the federal and state court claims are unrelated the Plaintiff's claim for negligence is dismissed for lack of subject matter jurisdiction.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's claims for retaliation, breach of contract and fraud are dismissed without prejudice with leave to amend. Plaintiff shall have until **August 13, 2012**, to correct the noted deficiencies and file a complete amended complaint.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's claims for equal protection under the Fourteenth Amendment and coercion be **dismissed** with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claim for negligence be **dismissed** for lack of subject matter jurisdiction.

#### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 23rd day of July, 2012.

*/s/ George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge